IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DEENA STEEDLEY,  :
       :
   Plaintiff,  :
       :
vs.  :  Civil Action No.
   :  **7:05-CV-9 (RLH)**
JO ANNE B. BARNHART,  :
Commissioner of Social Security,  :
       :
   Defendant.  :

## **ORDER**

   The plaintiff herein filed an application for a period of disability, Disability Insurance benefits, and Supplemental Security Income benefits on February 8, 2002; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on February 24, 2004. In a decision dated June 17, 2004, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

 DISCUSSION

   In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of carpal tunnel syndrome, fracture of lower right extremity, fracture of right foot, hepatitis C, mild degeneration of the cervical spine, and degeneration of the lumbar spine, but that she was not disabled.

*Credibility*

Plaintiff states the ALJ erred in concluding that her subjective complaints of disabling symptoms were not credible to the extent alleged.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."   Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

   Specifically, plaintiff asserts that the ALJ improperly considered the fact that she did not have surgery on her left arm for carpal tunnel syndrome, when the record was clear that she did not have a good result when she had the surgery on her right arm, and that she was advised by her doctor not to have the surgery on her left arm given her previous experiences.

   The ALJ did note that plaintiff had not had surgery on her left arm (Tr. 20).  However, the ALJ then went on to discuss the medical findings regarding plaintiff's left arm in detail.  The ALJ thoroughly reviewed plaintiff's medical records (Tr. 17-22). He noted her prior right wrist carpal tunnel and leg surgery (Tr. 17). The ALJ reviewed the treatment notes of Dr. Bernard, who diagnosed plaintiff's left carpal tunnel syndrome and treated her conservatively. Dr. Bernard discharged plaintiff as a patient for getting narcotics from more than one medical doctor (Tr. 150-67). The ALJ also reviewed the report from consultative examiner Dr. Hornback, who noted plaintiff had decreased grip strength on the right but had overall motor function in the hands with only slight atrophy in the left hand. X-rays showed the joint space was well maintained with no osseous destruction. (Tr. 168-71). In September 2003, Dr. Goss ordered EMG/NCS studies. These studies indicated she had minimal carpal tunnel syndrome on the left

with no evidence of ulnar neuropathy or radiculopathy (Tr. 223-28).. Dr. Goss noted her hand pain complaints were ambiguous, intermittent, and without any specific activity contributions. He concluded plaintiff did not require any major intervention at that time and placed her on an "as needed basis" for treatment (Tr. 180). Dr. Kahn, another treating source, noted her x-rays revealed no acute abnormalities in her left hand (Tr. 216-22). Such objective medical reports fully supports the ALJ's conclusion that Plaintiff is not disabled.

Plaintiff also takes issue with the ALJ's comment that the screw in her ankle was broken but not loose. Plaintiff ignores the fact that the ALJ also discussed the treatment and examining notes from the physicians who observed the problem with the screw and noted that there was no acute fracture, dislocation, or tissue swelling, despite the broken screw (Tr. 216-22).

Plaintiff next complains that the ALJ did not consider properly consider her diagnosis of hepatitis C because she could not afford treatment. While plaintiff may have been unable to afford treatment, nothing in the record shows that she had any functional limitations associated with this condition. Dr. Khan advised plaintiff to monitor her liver function tests and referred her to a liver specialist. No other evidence is documented in the file and plaintiff did not allege any functional limitations flowing from this condition (Tr. 216-22).

The severity of a medically ascertainable disability must be measured in terms of its effect upon the ability to work, and "not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). While a physical or mental condition may be deserving of concern from a medical standpoint, it does not necessarily follow that the condition has a present effect on an individual's ability to work. As noted by the Sixth Circuit, a diagnosis alone says nothing about the severity of a

claimant's condition. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (citing Foster v. Bowen, 853 F.2d 483, 488 (6th Cir. 1988).

Additionally, the ALJ considered plaintiff's activities of daily living ( See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987)).   While plaintiff is correct that the ability to perform some limited household chores is not indicative of an ability to work full time, Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997), here the ALJ considered plaintiff's activities together with other medical and other evidence.

Based upon the record as a whole, it appears that the ALJ's decision to discount some of plaintiff's testimony was based upon substantial evidence.  This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 24th day of March, 2006.

>                           //S Richard L. Hodge
>                           RICHARD L. HODGE
>                           UNITED STATES MAGISTRATE JUDGE

msd